

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1699-13

**CYNTHIA ANN HUDSON, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S AND STATE'S
PETITIONS FOR DISCRETIONARY REVIEW
FROM THE SIXTH COURT OF APPEALS
CASS COUNTY**

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

The majority concludes that Appellant was not entitled to a lesser-included-offense instruction on manslaughter because the evidence on which she relies raises the greater offense of felony murder with the underlying offense of injury to a child. This conclusion would be correct if one was examining only the Penal Code, where recklessness can be an element of both manslaughter and felony murder based on injury to a child. TEX. PENAL CODE §§ 19.04, 22.04. However, the jury charge in this case specified that injury to a child

is committed only when a person causes serious bodily injury intentionally or knowingly. It did not include any language explaining that the offense could also be committed recklessly or with criminal negligence. Therefore, the jury had no vehicle by which it could convict Appellant based on a culpable mental state of recklessness, which was raised by the evidence she presented. This means that if the jury believed that Appellant's acts were not intended to kill, but only to punish or discipline, it was not authorized by the application of the jury charge to find her guilty of recklessly or negligently causing injury to a child. And, because the jury was not charged on manslaughter, it could not find that she recklessly caused the death of the child.

Had the culpable mental states sufficient to commit injury to a child been explained to the jury properly, I would agree with the majority's decision. However, they were not, and therefore, the trial court erred in denying Appellant's requested instruction on manslaughter, which would have allowed the jury to give effect to a finding of recklessness. For this reason, I would remand this case to the court of appeals to evaluate whether Appellant was harmed by this error. Therefore, I respectfully dissent.

Meyers, J.

Filed: December 10, 2014

Publish